## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, Plaintiff, | : | |
| vs. | : | COMPLAINT |
| CHIP SLAUGHTER AUTO WHOLESALE, INC.; PAUL SLAUGHTER; LEE F. SLAUGHTER, JR.; DANIEL FEELEY, by his Guardian *Ad Litem* KELLY BLAIR; LAUREN DIEHL; and COLIN SANDLER. Defendants. | : | CIVIL ACTION NO._____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

By way of this Complaint, plaintiff Westfield Insurance Company, ("Westfield") alleges as follows:

1.    In this action, Westfield seeks a declaration that it has no duty to indemnify defendants Chip Slaughter Auto Wholesale Inc., T/A Chip Slaughter Auto Sales ("Chip Slaughter Auto"), Paul S. Slaughter, ("Paul Slaughter"), Lee F. Slaughter, Jr., ("Lee Slaughter") directly or vicariously based on the actions/inactions of his issue, Paul Slaughter, (collectively, "the Slaughter defendants") as to any claims asserted on behalf of Daniel Feeley, by his Guardian *Ad Litem* Kelly Blair ("Feeley") in connection with the underlying action styled *Daniel Feeley by his Guardian Ad Litem Kelly Blair, v. Paul S. Slaughter and Lee F. Slaughter.,* C.A. No. 06C-10-001-JTV (Exhibit "A,") ("the *Feeley* action"), and as to any claims asserted, or which may be asserted, against the

Slaughter defendants on behalf of Lauren Diehl ("Diehl") or on behalf of Colin Sandler ("Sandler"), arising from substantially the same set of facts alleged in the *Feeley* Complaint.

2.      Alternatively, Westfield seeks a declaration of the parties' respective rights, duties and obligations, if any, under the insurance policy issued by Westfield to Chip Slaughter Auto.

## THE PARTIES

3.      Plaintiff Westfield Insurance Company is a corporation organized under the laws of the State of Ohio with a principal place of business in Westfield Center, Ohio.

4.      On information and belief, Defendant Chip Slaughter Auto Wholesale Inc., T/A Chip Slaughter Auto Sales is a Delaware corporation with a principal place of business in Dover Delaware.

5.      On information and belief, Defendant Paul S. Slaughter is a citizen and resident of the State of Delaware.

6.      On information and belief, Defendant Lee F. Slaughter, Jr., is a citizen and resident of the State of Delaware and the parent of Defendant Paul S. Slaughter.

7.      On information and belief, Defendant Daniel Feeley is a citizen and resident of the State of Delaware whose Guardian *Ad Litem* is Kelly Blair.

8.      On information and belief, Defendant Lauren Diehl, is a citizen and resident of the State of Delaware.

9.      On information and belief, Defendant Colin Sandler is a citizen and resident of the State of Delaware.

## JURISDICTION AND VENUE

10.    This Court has original jurisdiction over this declaratory judgment action based upon 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201 *et seq*.  The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

11.    Pursuant to 28 U.S.C. § 1391(a), venue is proper in the District of Delaware if either "a substantial part of the events or omissions giving rise to the claim occurred" and/or "any defendant is subject to personal jurisdiction at the time the action is commenced" in the District of Delaware.

12.    A substantial part of the events or omissions giving rise to this action took place in the District of Delaware.

13.    All defendants are subject to personal jurisdiction within the District of Delaware due their respective status as natural persons who are citizens and residents of the State of Delaware or as a Delaware corporation conducting business in the State of Delaware, as the case may be.

## FACTS

14.    On 12/27/05, at approximately 1:24 a.m., sixteen year old Paul Slaughter was operating a motor vehicle with a learner's permit while under the influence of alcohol and/or drugs at a high rate of speed when he failed to negotiate a curve and lost control of the vehicle, causing it to leave the roadway, strike a utility pole, strike a brick column and then overturn.  ("the motor vehicle mishap").

15.    At the time of the mishap Paul Slaughter was operating a 1998 Oldsmobile Cutlass that was owned by Lee Slaughter, personally, and insured in accordance with the Delaware

PHLDMS1 3827227v.1

Motor Vehicle Financial Responsibility Laws under a policy issued by Progressive Insurance Company to Lee Slaughter personally.

16.    At the time of the mishap Daniel Feeley, Lauren Diehl, and Colin Sandler were passengers in the 1998 Oldsmobile and where all allegedly injured as proximate result of the actions/inactions of Paul Slaughter.

17.    On information and belief, Chip Slaughter Auto is a used car dealership owned and operated by Lee Slaughter.

## THE UNDERLYING *FEELEY* ACTION

18.    The underlying *Feeley* Complaint asserts a direct claim against the driver, Paul Slaughter for negligence.

19.    The underlying *Feeley* Complaint asserts a direct claim against the driver's father, Lee Slaughter, for negligent entrustment of a motor vehicle, including allegedly permitting his son to drive the vehicle beyond the curfew time set by his learner's permit under state law.

20.    The underlying *Feeley* Complaint asserts a vicarious claim arising from the actions/inactions of Paul Slaughter against Lee Slaughter as the adult who signed for the driver's permit of a minor under eighteen years old, and as an adult who allowed a minor to drive a vehicle owned by that adult.

21.    The underlying *Feeley* Complaint asserts a direct claim against Paul Slaughter for wanton willful and reckless conduct.

22.    The underlying *Feeley* Complaint prays for special damages and compensatory damages, including past and future pain and suffering, jointly and severally against Paul Slaughter and Lee Slaughter.

23.     The underlying *Feeley* Complaint prays for punitive damages jointly and severally against defendants Paul Slaughter and Lee Slaughter for the reckless, willful and wanton actions of Paul Slaughter.

## CGL COVERAGE

24.     Westfield issued a Commercial Insurance Coverage Policy to Chip Slaughter Auto with a policy period of June 4, 2005 to June 4, 2006, ("the Westfield policy").

25.     As to all types of coverages provided by the Westfield policy, the "Named Insured" is Chip Slaughter Auto Wholesale, Inc. T/A Chip Slaughter Auto Sales.

26.     The Westfield policy provides, in part, Commercial General Liability Coverage, ("the CGL Coverage Part").

27.     The CGL Coverage Part, Section (I)(1), provides that:

> (a)     We (Westfield) will pay those sums than an insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages.  However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.

28.     The CGL Coverage Part, Section (II)(1), provides that if you (Chip Slaughter Auto) are designated in the Declarations as:

> (d)     An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

29.     The CGL Coverage Part, Section (II)(2), provides that each of the following is also an insured:

> (a)     Your 'volunteer workers' only while performing duties related to the conduct of your business, or your 'employees,' other than... your

'executive officers'… but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business…

30.    At all times pertinent herein, Paul Slaughter was neither an executive officer, director, volunteer worker nor employee of named insured Chip Slaughter Auto.

31.    The motor vehicle mishap was not caused by, or bear any relation to, the actions/inactions of Paul Slaughter within the scope of employment by, or in relation to any duty relating to the conduct of the business of, Chip Slaughter Auto.

32.    Paul Slaughter is not an "Insured" under the CGL Coverage Part with respect to any claim arising from the motor vehicle mishap.

33.    Paul Slaughter is not entitled to coverage under the CGL Coverage Part for any claim arising out of the motor vehicle mishap.

34.    No claim asserted against Lee Slaughter arising from the motor vehicle mishap relates to Lee Slaughter's capacity as an executive officer, director and/or employee of Chip Slaughter Auto.

35.    Lee Slaughter is not an "Insured" under the CGL Coverage Part with respect to any claim arising from the motor vehicle mishap.

36.    Lee Slaughter is not entitled to coverage under the CGL Coverage Part for any claim arising out of the motor vehicle mishap.

37.    Alternatively, the CGL Coverage Part, Section (IV)(4)(b) provides that, "(t)his insurance is excess over:

(1)    Any of the other insurance whether primary, excess, contingent or on any other basis:
(d)    If the loss arises out of the maintenance or use of… autos… to the extent not subject to Exclusion **g.** of Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability.

38.    The CGL Coverage Part, Section (I)(2), contains an express exclusion for:

(g)    Bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any... auto... owned or operated by or rented or loaned to any insured...  This exclusion applies even if the claims against an insured allege negligence or other wrong doing in the supervision, hiring, employment, training or monitoring of others by that insured, if the occurrence which caused the bodily injury or property damage involved the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft that is owned or operated by or rented or loaned to any insured.

39.    At all times pertinent hereto, Chip Slaughter Auto did not own the motor vehicle involved in the mishap.

40.    At all times pertinent hereto, Chip Slaughter Auto did not maintain insurance for the motor vehicle involved in the mishap.

41.    At all times pertinent hereto, Lee Slaughter was an executive officer, director and/or employee of Chip Slaughter Auto.

42.    At all times pertinent hereto, Lee Slaughter personally owned the motor vehicle involved in the mishap.

43.    At all times pertinent hereto, Lee Slaughter held a personal auto insurance policy covering the motor vehicle involved in the mishap that was issued by an insurer other than Westfield.

44.    Excess coverage for said mishap is precluded by the exclusion set forth in Section (I)(2)(g) of the CGL Coverage Part.

## COMMERCIAL AUTO COVERAGE

45.    The Commercial Auto Coverage Part of the Westfield policy, Section (I)(A), defines "covered auto" as "any auto."

46.    The Commercial Auto Coverage Part of the Westfield policy, Section (II) (A) (2) provides:

-7-

> We (Westfield) will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies, caused by an 'accident' and resulting from 'garage operations' involving the ownership, maintenance or use of covered 'autos.'
>
> . . . We have the right and duty to defend any 'insured' against a 'suit' asking for such damages. . . .  However we have no duty to defend any 'insured' against a suit seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. . .

47.     Chip Slaughter Auto is the named insured under the Commercial Auto Coverage Part, Renewal Garage Declarations.

48.     The Commercial Auto Coverage Part endorsement entitled, "Drive Other Car Coverage – Broadened Coverage For Named Individuals," Section (B)(1) provides that:

> Any 'auto' you (Chip Slaughter Auto) don't own hire or borrow is a covered 'auto' for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except :
>
> a.      Any 'auto' owned by the individual or by any member of his or her household.

49.     Lee Slaughter (identified under the alias "Chip Slaughter") is an insured pursuant to the Commercial Auto Coverage Part endorsement entitled "Drive Other Car Coverage – Broadened Coverage For Named Individuals," Section (B)(2) which provides that:

> The following is added to **Who is an insured**:
>
> Any individual named in the Schedule and his or her spouse, while resident in the same household, are 'insureds' while using any covered 'auto' described in Paragraph **B.1.** of this endorsement.

50.     Pursuant to the Commercial Auto Coverage Part endorsement entitled "Drive Other Car Coverage – Broadened Coverage For Named Individuals," Section (B)(1)(a), Lee Slaughter is not entitled to such coverage with respect to liability arising from the Paul Slaughter's operation of the 1998 Oldsmobile because Lee Slaughter owned the vehicle personally and

procured insurance for the vehicle with at least the statutorily required minimum amount of coverage through an insurance company other than Westfield.

51.    On information and belief, Paul Slaughter was a the minor at the time of the mishap, and was residing in the household of his father, Lee Slaughter.

52.    On information and belief, Paul Slaughter is neither an officer nor employee of Chip Slaughter Auto.

53.    At the time of the mishap, Paul Slaughter's operation of the 1998 Oldsmobile was not related to the "garage operations" of named insured Chip Slaughter Auto.

54.    As such, Paul Slaughter is not an insured under the Commercial Auto Coverage Part.

55.    The Commercial Auto Coverage Part, Section (II)(A)(3)(a)(3) defines An "insured" as:

> Anyone liable for the conduct of an 'insured,'. . . but only to the extent of that liability.

56.    In the underlying *Feeley* action, plaintiff alleges that Lee Slaughter is vicariously liable for the actions/inactions of his son, Paul Slaughter pursuant to certain Delaware state law statutes.

57.    Coverage does not exist under the Commercial Auto Coverage Part for Lee Slaughter's vicarious liability, if any, arising from the actions/inactions of Paul Slaughter because Paul Slaughter is not an insured under the Westfield policy.

## COVERAGE DISPUTE

58.    On information and belief, the Slaughter defendants are not currently seeking indemnification from Westfield in connection with the *Feeley* action, or in connection with any other claim relating to the mishap.

PHLDMS1 3827227v.1

59.     However counsel for Feeley and counsel for Diehl have each made a demand for coverage under the Westfield policy relating to the mishap.

60.     Under the express terms, conditions, definitions, endorsements and exclusions of the Westfield excess policy, Westfield has no obligation to indemnify the Slaughter defendants in the underlying *Feeley* action and/or for any claims made, or to be made, by Diehl or Sandler.

61.     Pursuant to 28 U.S.C. § 2201 *et seq.*, Westfield is entitled to a judicial determination concerning the scope and nature of its rights and obligations, if any, under the Westfield policy with respect to the underlying *Feeley* action and/or for any claims made, or to be made by Diehl or Sandler.

62.     For the reasons set forth herein, an actual, justiciable controversy exists between the parties concerning their respective rights and obligations, if any, under the Westfield policy in relation to the underlying *Feeley* action and/or for any claims made, or to be made, by Diehl or Sandler.

## COUNT ONE

*For A Declaratory Judgment That Westfield Has No Obligation To*
*Defend Or Indemnify The Slaughter Defendants For The Underlying Feeley Action*
*And/Or For Any Claims Made, Or To Be Made, By Diehl Or Sandler*

63.     Westfield restates the allegations set forth in paragraphs 1 through 50 of this Complaint and incorporates them by reference herein.

64.     The injuries, if any, suffered by Feeley, Diehl and Sandler as a result of the mishap were proximately caused by a party or parties who are not insureds under the Westfield policy.

65.    Under the terms, conditions, definitions, exclusions and endorsements of the Westfield policy, Westfield has no obligation to defend or indemnify claims against a party or parties who are not insured under said policy.

66.    As a result, Westfield is not obligated to defend or indemnify the Slaughter defendants in the underlying *Feeley* action and/or for any claims made, or to be made, by Diehl or Sandler.

PHLDMS1 3827227v.1

**WHEREFORE,** Plaintiff Westfield respectfully requests that the Court:

(a)    Declare that Westfield has no obligation to defend the Slaughter defendants in the underlying *Feeley* action and/or for any claims made, or to be made, by Diehl or Sandler;

(b)    Declare that Westfield has no obligation to indemnify the Slaughter defendants in the underlying *Feeley* action and/or for any claims made, or to be made, by Diehl or Sandler;

(c)    Alternatively, should the Court determine that there is an obligation to defend and/or indemnify, the Court should also declare the respective rights and obligations of the parties under the Westfield policy and,

(d)    Grant Westfield such other and further relief as may be necessary and appropriate under the circumstances.

WHITE AND WILLIAMS LLP


_____
JAMES S. YODER (#2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone: 302-467-4524
Facsimile: 302-467-4554
Attorneys for Plaintiff

January 25, 2008

PHLDMS1 3827227v.1

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL FEELEY,              *    C.A. No.:
by his Guardian Ad Litem,  *
KELLY BLAIR,             *    NON-ARBITRATION CASE
                       *
           Plaintiff,   *
                       *    JURY TRIAL DEMANDED
    v.                   *
                       *
PAUL S. SLAUGHTER and    *
LEE F. SLAUGHTER,       *
                       *
          Defendants.   *    **COMPLAINT**

**COUNT I**

1.    Plaintiff Daniel Feeley is a minor and resident of the
State of Delaware who currently resides with his mother at 365
Norway Drive, Dover, DE 19901.

2.    Plaintiff Daniel Feeley, a minor, (date of birth
September 3, 1989), is the son of Kelly Blair.  Pursuant to the
Motion of Plaintiff Kelly Blair, under Superior Court Civil Rule
17(c), filed simultaneously herewith, Kelly Blair is the guardian
ad litem of her son, Daniel Feeley.

3.    Defendant Paul S. Slaughter is a resident of the State
of Delaware whose last known address was 5158 North DuPont
Highway, Dover, DE 19901.

4.    Defendant Lee F. Slaughter is a resident of the State of
Delaware whose last known address was 5158 North DuPont Highway,
Dover, DE 19901.

5.    On or about December 27, 2005, at approximately 1:24
a.m., Plaintiff Daniel Feeley was an occupant in Defendant Paul S.

Slaughter's vehicle, a 1998 Oldsmobile Cutlass, travelling eastbound on Simms Road, near Cheswold, Kent County, Delaware.

6.    Defendant Paul S. Slaughter, was travelling under the influence of alcohol and/or drugs at a high rate of speed, failed to negotiate a right curve, lost control of the vehicle causing it to cross into the westbound lane, leave the roadway, strike a utility pole, strike a brick driveway column, and overturn.  This collision caused the injuries and damages alleged herein.

7.    The aforesaid motor vehicle collision was directly and proximately caused by the negligence of Defendant Paul S. Slaughter, who was negligent in that:

a. He failed to give full time and attention to the operation of his motor vehicle and failed to maintain a proper lookout while operating the vehicle, in violation of 21 Del. C. §4176(b);

b. He drove his motor vehicle in a careless or imprudent manner without due regard for road, weather, or traffic conditions then existing, in violation of 21 Del. C. §4176(a);

c. He drove his motor vehicle in an aggressive manner in violation of 21 Del. C. §4175(A);

d. He drove his motor vehicle at an unsafe speed in violation of 21 Del. C. §4169;

e. He drove his motor vehicle while under the influence in violation of 21 Del. C. §4177(a);

f. He drove his motor vehicle recklessly in violation of 21 Del. C. §4175(a);

g. He drove his motor vehicle after the Level 1

Learner's Permit 10:00 p.m. Curfew in violatin of 21 Del. C. §2701(a)(2).

8.    As a direct and proximate result of the aforesaid negligence of Defendant Paul S. Slaughter, Plaintiff Daniel Feeley suffered serious and permanent bodily injuries in the past and will continue to suffer serious and permanent bodily injuries in the future.  As a further direct and proximate result of the aforesaid negligence of Defendant Paul S. Slaughter, Plaintiff Daniel Feeley has suffered serious mental and physical pain and suffering in the past and will continue to suffer serious mental and physical pain and suffering in the future, and will incur future medical expenses.

9.    As a further direct and proximate result of Defendant Paul S. Slaughter's aforementioned negligence, Plaintiff Daniel Feeley has incurred special damages including past medical expenses in the amount of $177,465.42 to date, as itemized in Exhibit "A" attached hereto. Further, as a direct and proximate result of Defendant's negligence, Plaintiff will incur medical expenses in the future for continued treatment of these injuries and future impairment of earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendant Paul S. Slaughter, jointly and severally with his co-defendant, for special damages to date in the amount of $177,465.42, and compensatory damages generally, together with interest and costs of this action.

## COUNT II

10.  Plaintiff hereby realleges paragraphs 1 through 9 and incorporates the same herein by this reference.

11.  Defendant Lee F. Slaughter is a resident of the State of Delaware whose last known address was 5158 North DuPont Highway, Dover, DE 19901.

12.  At all times relevant hereto, Defendant Lee F. Slaughter was the owner of the 1998 Oldsmobile Cutlass driven by Defendant Paul S. Slaughter.

13.  Defendant Lee F. Slaughter negligently entrusted his vehicle to Defendant Paul S. Slaughter, under circumstances in which Defendant Lee F. Slaughter should have known that Defendant Paul S. Slaughter posed an unreasonable risk to other drivers, including Plaintiff.  In addition, Defendant Lee F. Slaughter negligently permitted Defendant Paul S. Slaughter to drive his vehicle in violaiton of 21 Del. C. §2701(a)(2).  Defendant Lee F. Slaughter's negligence in this regard proximately caused the aforesaid motor vehicle collision and the injuries to Plaintiff.

14.  Defendant Lee F. Slaughter is also vicariously liable for the injuries directly and proximately caused by Defendant Paul S. Slaughter's negligence pursuant to 21 Del. C. §6105 since he was the owner of the vehicle driven by Defendant Paul S. Slaughter.

15.  In addition, Defendant Lee F. Slaughter signed the driver's license application on behalf of Defendant Paul S. Slaughter, and as a result, Defendant Lee F. Slaughter is jointly

and severally liable for the aforementioned injuries to Plaintiff pursuant to 21 Del. C. §6104(a).

WHEREFORE, Plaintiff demands judgment against Defendant Lee F. Slaughter, jointly and severally with his co-defendant, for compensatory damages generally, including past and future pain and suffering, for the injuries caused by his negligence, together with interest and costs of this action.

<u>COUNT III</u>

16.   Plaintiff hereby realleges paragraphs 1 through 15 and incorporates the same herein by this reference.

17.   Defendant Paul S. Slaughter's actions were in wilful and wanton disregard of the safety of Plaintiff, and/or were reckless.

WHEREFORE, Plaintiff demands judgment against Defendant Lee F. Slaughter, jointly and severally with his co-defendant, Defendant Paul S. Slaughter, for punitive damages, together with the aforementioned requested relief.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____

JEFFREY J CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 S. State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

DATED: 10|2|06
JJC:mj

## SPECIAL DAMAGES FOR DANIEL FEELEY

| | | |
|---|---|---|
| 1. | Christiana Hospital<br>12/27/05 - 01/17/06 | $134,468.32 |
| 2. | Doctors For Emergency Service<br>12/27/05 | $ 1,286.00 |
| 3. | CCHS-Surgery<br>12/27/05 - 01/08/06 | $ 9,912.00 |
| 4. | Laboratory Phys. Delaware Clinical, P.A.<br>12/27/05 | $ 344.10 |
| 5. | X-Ray Associates<br>12/27/05 - 01/14/06 | $ 3,279.00 |
| 6. | Anesthesia Services, P.A.<br>01/02/06 - 01/05/06 | $ 3,230.00 |
| 7. | Neurosurgery Associates<br>01/04/06 - 01/21/06 | $ 4,175.00 |
| 8. | Nemours Physician Associates<br>01/05/06 - 04/25/06 | $ 22,911.00 |
| 9. | Urgent Ambulance Service<br>01/17/06 | $ 418.00 |
| 10. | A. I. DuPont Hospital for Children<br>01/17/06 - 04/10/06 | $ 97,188.00 |
| 11. | Middletown Family Care Associates<br>04/04/06 | $ 74.00 |
| 12 | Middletown Community Radiology<br>04/04/06 | $ 180.00 |

TOTAL MEDICALS INCURRED:                    $277,465.42

LESS PIP LIMITS PAID:                       -100,000.00

**TOTAL SPECIAL DAMAGES:**                  **$177,465.42**

EXHIBIT "A"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL FEELEY,                        *    C.A. No.:
by his Guardian Ad Litem,             *
KELLY BLAIR,                          *    NON-ARBITRATION CASE
                                      *
            Plaintiff,                *
                                      *    JURY TRIAL DEMANDED
      v.                              *
                                      *
PAUL S. SLAUGHTER and                 *
LEE F. SLAUGHTER,                     *
                                      *
            Defendants.               *

### CERTIFICATE OF VALUE

I, Jeffrey J Clark, Esquire, attorney for Plaintiff, hereby certify, in my opinion, that the sum of all damages due Plaintiff are in excess of $100,000.00, exclusive of costs and interest.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
JEFFREY J CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 S. State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

DATED: 10|2|06
JJC:mj

℞JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

*Westfield Insurance Company*

**(b)** County of Residence of First Listed Plaintiff *New Castle County*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
*White and Williams, LLP    302-654-0424*
*824 N. Market St., Suite 902*
*Wilmington, DE 19801*

**DEFENDANTS** *Chip Slaughter Auto Wholesale, Inc.*
*Paul Slaughter; Lee E. Slaughter, Jr.;*
*Daniel Feeley, by his Guardian Ad Litem*
*Kelly Blair; Lavan Diahl; and Colin Sandler*

County of Residence of First Listed Defendant *Kent County*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ☒ 3 | Foreign Nation | ❏ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 195 Contract Product Liability | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from another district (specify)
- ❏ 6  Multidistrict Litigation
- ❏ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*28 USC § 1332; 28 USC § 2201*
Brief description of cause:
*DJ action over commercial auto coverage*

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ❏ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE *1/25/08*
SIGNATURE OF ATTORNEY OF RECORD *James S Yoder*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
                                                                                                Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 JAN 25 PM 4: 26

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 5 _ 0 6

Civil Action No. _____

# **ACKNOWLEDGMENT**
# **OF RECEIPT FOR AO FORM 85**

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

1/25/08
(Date forms issued)

(Signature of Party or their Representative)

PAUL DROST - PARCELS, INC.
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action