IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | C.A. No. 08-56 |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| v. | |
| CHIP SLAUGHTER AUTO WHOLESALE, INC.; PAUL SLAUGHTER; LEE F. SLAUGHTER, JR.; DANIEL FEELEY, by his Guardian *Ad Litem* KELLY BLAIR, LAUREN DIEHL; and COLIN SANDLER, | |
| Defendants. | |
| CHIP SLAUGHTER AUTO WHOLESALE, INC.; PAUL SLAUGHTER; LEE F. SLAUGHTER, JR.; DANIEL FEELEY; and LAUREN DIEHL, | |
| Third Party Plaintiffs, | |
| v. | |
| PFISTER INSURANCE INC., | |
| Third Party Defendant. | |

**DEFENDANTS' ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**

COMES NOW, Defendants Chip Slaughter Auto Wholesale, Inc., Paul Slaughter, Lee F. Slaughter, Jr., Daniel Feeley, and Lauren Diehl ("Defendants") and hereby answer Plaintiff Westfield Insurance Company's ("Westfield") Complaint for declaratory relief, counterclaim against Westfield, and file a Third-Party Complaint, as follows:

1.   Denied that such a declaration is appropriate.

2.   Admitted that such a declaration is appropriate.

3.   Defendants have insufficient knowledge or information to admit the truth of this averment.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.   Admitted that Defendant Daniel Feeley is a citizen and resident of Delaware, but denied that Kelly Blair is his appropriate Guardian *Ad Litem* for the present action because Defendant Feeley has reached age eighteen (18).

8.   Admitted.

9.   Answering Defendants are without sufficient information to determine the truth of this averment and it is therefore denied.

10.  Admitted by Defendants Feeley and Diehl.   Defendants Chip Slaughter Auto Wholesale, Inc., Paul Slaughter, and Lee F. Slaughter, Jr. ("Slaughter Defendants") admit that diversity jurisdiction attaches because Westfield has wrongfully denied coverage on a policy providing a coverage limit in excess of $75,000.

11.  Admitted.

12.  Admitted.

13.  Admitted.

14.  Admitted that there was a collision at that time and place and that the underlying State Court actions include

2

allegations that Paul Slaughter's negligence and recklessness proximately caused the collision.

15. Admitted that Paul Slaughter was operating a 1998 Oldsmobile and that Progressive Insurance Company provided insurance for that vehicle at the time of the collision.

16. Admitted that Daniel Feeley and Lauren Diehl allege they sustained injuries in the collision. Answering Defendants are without sufficient evidence to determine the truth of the averment involving Colin Sandler.

17. Admitted that at the time of the collision, Chip Slaughter Auto was a used car dealership owned and operated by Lee Slaughter.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted only that Westfield Insurance Company issued an automobile coverage policy providing coverage for Paul and Lee Slaughter at the time of the collision at issue in this case.

25. Denied.

26. Denied that the Westfield policy was broken down, in part, in this manner.

3

27.   Defendants are without sufficient information to form a belief regarding the truth of this averment and it is therefore denied.

28.   Defendants are without sufficient information to form a belief regarding the truth of this averment and it is therefore denied.

29.   Defendants are without sufficient information to form a belief regarding the truth of this averment and it is therefore denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Defendants are without sufficient information to form a belief regarding the truth of this averment and it is therefore denied.

38.   Defendants are without sufficient information to form a belief regarding the truth of this averment and it is therefore denied.

39.   Denied.

40.   Denied.

41.   Admitted.

42.   Denied.

4

43.   Defendants Daniel Feeley and Lauren Diehl have insufficient information to form an opinion as to the truth of this averment and it is therefore denied.   As to the Slaughter Defendants, admitted that on the date and time of the collision, the said Oldsmobile was also insured under a policy issued by Progressive Insurance Company.

44.   Denied.

45.   Denied that a portion of the Westfield policy is identified in that manner.   Admitted that "any auto" was covered under the Westfield policy.

46.   Denied.

47.   Denied that Chip Slaughter Auto is the only insured.

48.   Denied.

49.   Admitted that Lee Slaughter is an insured under the Westfield policy.   The balance of the averment is denied.

50.   Denied.

51.   Admitted.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Admitted.

57.   Denied.

58.   Denied.

59.   Admitted that all answering Defendants hereby demand coverage under the Westfield policy.

60.  Denied.

61.  Admitted.

62.  Admitted.

63.  No response is required.

64.  Denied.

65.  Denied.

66.  Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Estoppel -- Defendant Westfield is estopped from relying on any alleged exclusion in the policy to avoid coverage.

### SECOND AFFIRMATIVE DEFENSE

Anticipatory Breach and Repudiation of the Contract by Westfield.

### THIRD AFFIRMATIVE DEFENSE

Waiver -- Defendant Westfield has waived any alleged contractual rights to avoid coverage under the policy.

## COUNTERCLAIM

1.    At all times relevant hereto, Plaintiff Westfield's insurance policy identified in the Complaint provided automobile liability coverage in the amount of $300,000 for both Chip Slaughter and Paul Slaughter at the time of the subject matter collision.

2.    At all relevant times, when selling the aforesaid policy, Pfister Insurance Company ("Pfister") was the agent of Westfield Insurance Company.

3.    As Westfield's agent, Pfister had actual, implied, and/or apparent authority to bind Westfield.

6

4.    At all times relevant to this Complaint, Mel Warren was an agent, officer, and/or employee of Pfister Insurance Company and had the actual, express, and apparent authority to bind Westfield as its agent.

5.    Mel Warren represented to Defendant Lee F. Slaughter, Jr. that the Westfield policy issued would provide coverage for him and his family in the event liability or indemnity coverage for automobile accidents was required.

6.    Mel Warren also expressly represented to Lee F. Slaughter, Jr. that the car involved in the collision was completely covered by the Westfield policy at issue. In fact, Mel Warren's instructions included instructions to title the car in the manner it was titled which would in turn ensure the vehicle driven by Paul Slaughter at the time of the collision was covered by the Westfield policy.

7.    The Westfield policy at issue provides coverage for "any automobile" driven by Defendant Lee Slaughter and Paul Slaughter and any liability arising from any motor vehicle collision liability incurred by Defendant Lee Slaughter.

8.    Pursuant to the terms of the contract, the Westfield policy provides $300,000 in combined single limit indemnity coverage and defense coverage for both Lee Slaughter and Paul Slaughter for the subject matter collision.

7

## COUNTERCLAIM COUNT I--BREACH OF CONTRACT

9.    The Slaughter Defendants demanded coverage pursuant to the Westfield policy which was denied by Westfield in its letter dated March 1, 2006.

10.   Defendant Westfield subsequently denied coverage for this collision when demands were made by Defendants Diehl and Feeley.

11.   Plaintiff Westfield breached the aforementioned insurance contract to provide the promised benefits.

12.   As a direct and proximate result of Westfield's breach of contract, Defendants Slaughter have been wrongly denied a defense by Westfield and wrongly denied indemnity coverage in the amount of $300,000.00 for the subject matter collision.

13.   Defendants Diehl and Feeley are intended third-party beneficiaries of this contract for insurance.  In the alternative, Defendants Diehl and Feeley have been included as parties by Plaintiff Westfield in the present declaratory judgment action.

14.   Defendants Diehl and Feeley maintain they have incurred damages in the amount of available insurance coverage ($300,000.00), as a direct and proximate result of Westfield's breach of contract, together with incidental and consequential damages.

15.   Defendants Slaughter, Feeley, and Diehl request a declaration that the Westfield policy provides both defense coverage and indemnity coverage for the benefit of Defendant Lee and Paul Slaughter.

8

## COUNTERCLAIM COUNT II--REFORMATION

16.   Paragraphs 1 through 15 of the counterclaim are hereby realleged and incorporated herein.

17.   Pfister and Defendants Slaughter agreed that the Westfield policy would provide coverage in the amount of $300,000.00 for any accident related claims involving Paul Slaughter and the car he drove at the time of the collision.

18.   Pfister and Defendants Slaughter agreed that the Westfield policy would provide coverage for Lee Slaughter in the event Paul Slaughter was in an accident involving the car at issue.   In the alternative to Counterclaim Count I, as alleged by Westfield, the policy issued does not provide the bargained for coverage.

19.   In the alternative, Defendants seek a declaration reforming the writing contained in the policy to conform to the agreement entered between Pfister and the Slaughter Defendants.

20.   Answering Defendants request that this Court issue a declaration, pursuant to 28 U.S.C. §2201 *et seq.*, declaring that Westfield has a duty to both indemnify and defend Lee Slaughter and Paul Slaughter for bodily injuries claims made pursuant to the State Court actions.

WHEREFORE, Defendants seek a declaratory judgment, by this Court, that the Westfield policy provides coverage for the collision at issue or, in the alternative, that the Westfield policy is reformed to provide the coverage promised.

9

## THIRD-PARTY COMPLAINT

1. Third-Party Plaintiffs Daniel Feeley and Lauren Diehl are residents of the State of Delaware.

2. Third-Party Plaintiff Chip Slaughter Auto Wholesale, Inc. is a Delaware corporation.

3. Third-Party Plaintiffs Paul Slaughter and Lee F. Slaughter, Jr. are residents of the State of Delaware.

4. Third-Party Defendant Pfister Insurance, Inc. is a Delaware corporation whose registered agent for service of process is Melville F. Warren, Jr., 625 South DuPont Highway, Ste. 101, Dover, Delaware 19901.

5. This Court has supplemental and/or pendent jurisdiction pursuant to 28 U.S.C. §1367 over this claim as this Third-Party Complaint involves the same case or controversy as that in the original Complaint. As such, there is an actual case on controversy involved for which a declaratory judgment, pursuant to 28 U.S.C. §2201 et seq., is appropriate.

## THIRD-PARTY COMPLAINT COUNT I--BREACH OF CONTRACT

6. Third-Party Plaintiffs Lee F. Slaughter, Jr. and Chip Slaughter Auto Wholesale, Inc. entered a contract with Pfister Insurance Company to obtain an insurance policy which would cover, *inter alia*, the car driven by Paul Slaughter on the day and time of the collision at issue, and would provide $300,000.00 of indemnity coverage and defense to both Lee Slaughter and Paul Slaughter under these circumstances.

10

7.    In the alternative to the above-mentioned counterclaim, Defendant Pfister Insurance Company breached its contractual obligation to obtain a policy providing such coverage.

8.    As a direct result of this breach, all Third-Party Plaintiffs suffered damages, including a loss of $300,000 of bargained for insurance coverage, together with other consequential and incidental damages.

9.    In the further alternative to the counterclaim above, Third-Party Plaintiffs request a declaration by this Court that such coverage is applicable pursuant to a contract between Pfister and the Slaughter Defendants, that Pfister breached this contract, and that Pfister Insurance Company is contractually obligated to provide the $300,000 of coverage for this collision that it promised, which will provide excess coverage to the Progressive policy available.

## THIRD-PARTY COMPLAINT COUNT II--NEGLIGENCE

10.   Third-Party Plaintiffs reallege the allegations in the Counterclaim and incorporate them and paragraphs 1 through 9 of this Third-Party complaint herein.

11.   In the further alternative, Third-Party Defendant Pfister had the duty to Third-Party Plaintiffs to take reasonable care to obtain the coverage promised when selling the Westfield policy at issue to the Slaughter Defendants, and failed to do so, and was therefore negligent.

12.   Pfister's aforementioned negligence in not obtaining the proper insurance coverage as promised, directly and proximately

11

caused the loss of $300,000 in coverage available for the subject matter collision, together with the cost for defense properly payable by the insurance policy promised by Pfister.

13. In the further alternative, Third-Party Plaintiffs request a declaration by this Court that Pfister's negligence proximately caused the loss of $300,000.00 in insurance coverage due to Pfister's error and/or omission.

## THIRD-PARTY COMPLAINT COUNT III--EQUITABLE FRAUD/NEGLIGENT MISREPRESENTATION

14. The Counterclaim and paragraphs 1 through 13 are hereby realleged and incorporated herein by this reference.

15. In the further alternative, Pfister made a false representation to the Slaughter Third-Party Plaintiffs that the Westfield policy would provide coverage for Paul and Lee Slaughter while Paul Slaughter was using the car involved in the collision.

16. This representation was made by Pfister with the intent to induce the Slaughter Third-Party Plaintiffs to purchase the Westfield policy.

17. This representation in fact induced the Slaughter Third-Party Plaintiffs to purchase the policy, and the Slaughter Third-Party Plaintiffs' reliance on this representation was reasonable.

18. In the further alternative, if the policy at issue does not provide the coverage promised, Pfister's representations that it would provide coverage conforming to that promise are false.

19. This false representation proximately caused damages in the amount of $300,000.00 in lost insurance indemnity coverage.

12

20. In the alternative to the Counterclaim above, Third-Party Plaintiffs seek a declaration that Pfister negligently misrepresented the scope of coverage as including the vehicle and driver in the collision, as well as Lee Slaughter, and that Pfister is liable to provide the bargained for coverage.

## THIRD=PARTY COMPLAINT COUNT IV--STATE DECEPTIVE TRADE PRACTICES

21. The Counterclaim and paragraphs 1 through 20 are hereby realleged and incorporated herein by this reference.

22. In the further alternative, Pfister represented that the insurance policy sold had characteristics and benefits that it, as alleged by Westfield, did not have, in violation of 6 Del. C. §2532(a)(5).

23. In the alternative, Third-Party Plaintiffs seek a declaration that Pfister's representative constituted a defective trade practice, that this deceptive trade practice caused the loss of $300,000 in available indemnity coverage, and defense coverage under the Westfield policy.

24. Third-Party Plaintiffs seek a declaration that treble damages shall be awarded, based on this practice.

WHEREFORE, Third-Party Plaintiffs seek, in the alternative to the Counterclaim above, a declaration that Pfister should provide $300,000.00 in liability coverage, treble damages, pursuant to 6 Del. C. §2532(a)(5) and pay for a defense for the Slaughter Defendants.

13

SCHWARTZ & SCHWARTZ

BY: _____

    BENJAMIN A. SCHWARTZ, ESQUIRE
    Bar I.D. #4145
    1140 S. State Street
    P.O. Box 541
    Dover, DE    19903
    Attorney for Defendants/Third-
    Party Plaintiffs Chip
    Slaughter Auto Wholesale,
    Inc., Paul Slaughter, and
    Lee F. Slaughter, Jr.

DATED:  February 20, 2008


SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____

    NICHOLAS H. RODRIGUEZ, ESQUIRE
    Bar I.D. #356
    414 S. State Street
    P.O. Box 497
    Dover, DE    19903
    Attorney for Defendant/Third-
    Party Plaintiff Lauren Diehl

DATED:

BY: _____

    JEFFREY J CLARK, ESQUIRE
    Bar I.D. #3485
    414 S. State Street
    P.O. Box 497
    Dover, DE    19903
    Attorney for Defendant/Third-
    Party Plaintiff Daniel Feeley

DATED: 2/20/08
JJC:pmw

14

CERTIFICATE OF SERVICE

I hereby certify that I have caused copies of the following:

**DEFENDANTS' ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**

to be served upon:    JAMES YODER, ESQUIRE
White & Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE    19899-0709

by e-filing and mailing copies to him at his address listed above,
postage prepaid, on __2/21/08__, 2008.

SCHMITTINGER & RODRIGUEZ, P.A.

BY:_____

JEFFREY J. CLARK, ESQUIRE
Bar I.D. #3485
414 S. State Street
P.O. Box 497
Dover, DE    19903

DATED: 2/21/08
JJC:pmw

15

.AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of | Delaware

WESTFIELD INSURANCE COMPANY,

**SUMMONS IN A CIVIL CASE**

Plaintiff,

CASE NUMBER: 08-56

v.

CHIP SLAUGHTER AUTO WHOLESALE,
INC.; PAUL SLAUGHTER; LEE F.
SLAUGHTER, JR.; DANIEL FEELEY,
by his Guardian *Ad Litem* KELLY
BLAIR, LAUREN DIEHL; and
COLIN SANDLER;

Defendants.

CHIP SLAUGHTER AUTO WHOLESALE,
INC.; PAUL SLAUGHTER; LEE F.
SLAUGHTER, JR.; DANIEL FEELEY;
and LAUREN DIEHL,

Third-Party Plaintiffs,

v.

PFISTER INSURANCE INC.,

Third-Party Defendant.

To: (Name & Address of Defendant)

Pfister Insurance Inc.
Melville F. Warren, Jr.
625 S. DuPont Highway
Suite 101
Dover, DE 19903

**YOU ARE HEREBY SUMMONED** and required to serve on THIRD-PARTY PLAINTIFFS' ATTORNEY (name and address)

> Nicholas H. Rodriguez, Esquire
> Bar ID #356
> Jeffrey J Clark, Esquire
> Bar ID #3485
> Schmittinger & Rodriguez, P.A.
> 414 S. State Street
> P.O. Box 497
> Dover, DE 19903
>
> Benjamin A. Schwartz, Esquire
> Bar ID #4145
> Schwartz & Schwartz
> 1140 S. State Street
> P.O. Box 541
> Dover, DE 19903

an answer to the complaint which is served on you with this summons, with ____20____ days after service of this summons on you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                    DATE

(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

Served personally upon the defendant. Place where served:

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

Returned unexecuted:

Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on: _____

| Date | Signature of Server |
|---|---|

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.