IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY,<br>Plaintiff, | : | |
| vs. | : | COMPLAINT |
| CHIP SLAUGHTER AUTO WHOLESALE, INC.; PAUL SLAUGHTER; LEE F. SLAUGHTER, JR.; DANIEL FEELEY, by his Guardian *Ad Litem* KELLY BLAIR; LAUREN DIEHL; and COLIN SANDLER.<br>Defendants. | : | CIVIL ACTION NO. 08-CV-00056-JJF |

## ANSWER TO COUNTERCLAIM

By way of this Answer to Counterclaim, Plaintiff Westfield Insurance Company ("Westfield") avers as follows:

1. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that the insurance policy referenced in Westfield's Complaint ("the Westfield policy") provided insurance coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision.

2. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied as stated. Admitted that Pfister Insurance Company ("Pfister") was an independent producer for Westfield at all times relevant hereto.

3. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied as stated. Admitted that any authority held by Pfister to bind Westfield was

PHLDMS1 4128958v.1

derived solely from, and limited by, the terms of the Agency Agreement between Westfield and Pfister in effect at the time of the subject matter collision.

4. To the extent that this allegation sets forth a legal conclusion, no response is required. Westfield lacks sufficient knowledge to affirm or deny the nature of the relationship, if any, between Pfister and Mel Warren ("Warren"). In the event that Warren had any authority to bind Westfield by virtue of his relationship with Pfister then such authority is derived solely from, and limited by, the terms of the Agency Agreement between Westfield and Pfister in effect at the time of the subject matter collision. Denied that any representation by, or on behalf of, or attributable to another party obligates Westfield to afford insurance coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision.

5. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that any representation by, or on behalf of, or attributable to another party obligates Westfield to afford insurance coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph.

6. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that any representation by, or on behalf of, or attributable to another party obligates Westfield to afford insurance coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph.

7. To the extent that this allegation sets forth a legal conclusion, no response is required. The policy speaks for itself and Westfield is not obligated to affirm or deny the

-3-

existence or non-existence of policy terms. Denied that the Westfield policy affords coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision.

8. To the extent that this allegation sets forth a legal conclusion, no response is required. The policy speaks for itself. Westfield is not obligated to affirm or deny the existence or non-existence of policy terms. Denied that the Westfield policy affords coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision.

## COUNTERCLAIM COUNT I – BREACH OF CONTRACT

9. To the extent that this allegation sets forth a legal conclusion, no response is required. Admitted that Westfield denied any demand by the Slaughter Defendants' for insurance coverage under the Westfield. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph.

10. To the extent that this allegation sets forth a legal conclusion, no response is required. Admitted that Westfield denied any demand by the Diehl and Feeley Defendants insurance coverage under the Westfield for losses allegedly sustained in the subject matter collision. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph.

11. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied.

12. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied.

13. To the extent that this allegation sets forth a legal conclusion, no response is required. Westfield denies any obligation to the Diehl and Feeley Defendants. Westfield's

PHLDMS1 4128958v.1

Complaint in the instant case speaks for itself and Westfield is not obligated to affirm or deny the existence or non-existence of allegations in said Complaint.

14. To the extent that this allegation sets forth a legal conclusion, no response is required. Westfield denies any obligation to the Diehl and Feeley Defendants.

15. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that Defendants Slaughter, Diehl and Feeley are entitled to the declaratory relief sought in this paragraph.

## COUNTERCLAIM COUNT II – REFORMATION

16. Westfield hereby incorporates its responses to the preceding paragraphs as if fully set forth herein.

17. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that any representation by, or on behalf of, or attributable to another party obligates Westfield to afford insurance coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph.

18. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that any representation by, or on behalf of, or attributable to another party obligates Westfield to afford insurance coverage to any Counterclaimant for any loss allegedly sustained in the subject matter collision. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph.

19. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that any representation by, or on behalf of, or attributable to another party obligates Westfield to afford insurance coverage to any Counterclaimant for any loss allegedly

sustained in the subject matter collision. Westfield lacks sufficient knowledge to affirm or deny the balance of the allegations in this paragraph. Denied that Defendants are entitled to the declaratory relief sought in this paragraph.

20. To the extent that this allegation sets forth a legal conclusion, no response is required. Denied that Defendants Slaughter, Diehl and Feeley are entitled to the declaratory relief sought in this paragraph.

WHEREFORE, Plaintiff Westfield Insurance Company hereby seeks dismissal of Defendants' Counterclaim, the relief sought in Westfield's Complaint for Declaratory Judgment and such other relief as this Court deems necessary and just.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each allegation contained therein fails to state facts sufficient to constitute a cause of action or claim against Westfield upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth facts which would give rise to a claim under the Westfield insurance contract at issue in this case.

### THIRD AFFIRMATIVE DEFENSE

Westfield is not liable under the disputed insurance policy to the extent that it would be contrary to public policy to grant the relief sought.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Westfield insurance policy contains certain limits of liability. In the event that Westfield is liable, its liability is restricted to such limits.

### SIXTH AFFIRMATIVE DEFENSE

Westfield is not liable under the its insurance policy to the extent that the exclusions, terms, conditions and limitations contained therein apply to bar coverage.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Westfield insurance policy is provided only to the named insured or any additional insureds. To the extent the claims for recovery of losses are sustained by entities and/or persons who do not qualify as insureds under the terms of the insurance policy, those claims are barred.

### EIGHTH AFFIRMATIVE DEFENSE

Westfield has no obligation under the alleged the Westfield insurance policy for costs incurred as a result of the violation of any rule, law or regulation or for costs incurred in the nature of criminal fines or sanctions, civil fines or sanctions, penalties and/or punitive damages that may be imposed.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent that any property damage, bodily injury, or personal injury or event resulting in such injury or damage was expected or intended by any insured or was otherwise non-fortuitous.

### TENTH AFFIRMATIVE DEFENSE

Westfield has no obligation to any other party based upon the actions/inactions of Mel Warren and/or Pfister Insurance Company to the extent that no actual or apparent agency relationship existed between Westfield one part and Warren/Pfister on the other.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, and/or estoppel.

WHITE AND WILLIAMS LLP

*/s/ James S. Yoder*

JAMES S. YODER (#2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone: 302-467-4524
Facsimile: 302-467-4554
Attorneys for Plaintiff

April 16, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br>    Plaintiff, | : <br> : <br> : <br> : |
| vs. | :   COMPLAINT <br> : |
| CHIP SLAUGHTER AUTO WHOLESALE,<br>INC.; PAUL SLAUGHTER; LEE F.<br>SLAUGHTER, JR.; DANIEL FEELEY, by<br>his Guardian *Ad Litem* KELLY BLAIR;<br>LAUREN DIEHL; and COLIN SANDLER.<br>    Defendants. | : <br> : <br> :   CIVIL ACTION NO. 08-CV-00056-JJF <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

  I, James S. Yoder, being duly sworn according to law, deposes and says that I am employed by White & Williams, LLP., which is counsel for the Plaintiff/Counterclaim Defendant, and on the 16th day of April 2008, I caused copies of the Answer to Counterclaim to be electronically served upon the parties listed below.

Benjamin A. Schwartz, Esquire
Schwartz & Schwartz
1140 South State Street
Dover, DE  19901

Jeffery J. Clark, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE  19903

Nicholas H. Rodriguez, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE  19903

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk
800 King Street
P.O. Box 1276
Wilmington, DE  19899

            WHITE AND WILLIAMS LLP

            */s/ James S. Yoder*
            JAMES S. YODER (#2643)
            824 N. Market Street, Suite 902
            P.O. Box 709
            Wilmington, DE 19899-0709
            Telephone: 302-467-4524
            Facsimile: 302-467-4554
            Attorneys for Plaintiff

April 16, 2008