## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 08-56 JJF |
| | ) | |
| v. | ) | TRIAL BY JURY OF TWELVE |
| | ) | DEMANDED |
| CHIP SLAUGHTER AUTO WHOLESALE, | ) | |
| INC., PAUL SLAUGHTER, LEE F. | ) | |
| SLAUGHTER, JR., DANIEL FEELEY, by his | ) | |
| Guardian Ad Litem KELLY BLAIR, | ) | |
| LAUREN DIEHL, and COLIN SANDLER, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHIP SLAUGHTER AUTO WHOLESALE, | ) | |
| INC., PAUL SLAUGHTER, LEE F. | ) | |
| SLAUGHTER, JR., DANIEL FEELEY, | ) | |
| and LAUREN DIEHL, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PFISTER INSURANCE, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### ANSWER OF THIRD-PARTY DEFENDANT
### PFISTER INSURANCE, INC. TO THIRD-PARTY COMPLAINT

### COUNTERCLAIM

1. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

2. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

3. No response required by answering third-party defendant. To the extent that a response is required, it is admitted that Pfister Insurance, Inc. had binding authority with Westfield. The remainder of this paragraph of the counterclaim is denied.

4. No response required by answering third-party defendant. To the extent that a response is required, it is admitted that Mel Warren as an employee of Pfister Insurance, Inc. had authority to bind Westfield. The remainder of this allegation of the counterclaim is denied.

5. No response required by answering third-party defendant. To the extent that a response is required, this allegation of the counterclaim is denied as stated.

6. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim, however, this allegation of the counterclaim is denied.

7. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

8. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

**COUNTERCLAIM COUNT I - BREACH OF CONTRACT**

9. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this

allegation of the counterclaim.

10. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

11. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

12. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

13. No response required by answering third-party defendant. To the extent that a response is required, it is admitted that Diehl and Feeley have been included as parties by Westfield in this action. As to the remainder of this paragraph of the counterclaim, the answering third-party defendant has insufficient knowledge to admit or deny.

14. No response required by answering third-party defendant. To the extent that a response is required, the answering defendant has insufficient knowledge to admit or deny this allegation of the counterclaim.

15. No response required by answering third-party defendant. To the extent that a response is required, it is admitted that a declaration is sought. As to the remainder of this paragraph of the counterclaim, the answering defendant has insufficient knowledge to admit or deny.

### **COUNTERCLAIM COUNT II - REFORMATION**

16. No response required by answering third-party defendant. To the extent that a response is required, responses to paragraphs 1 through 15 of the counterclaim are realleged and

incorporated herein.

17. No response required by answering third-party defendant. To the extent that a response is required, it is denied.

18. No response required by answering third-party defendant. To the extent that a response is required, it is denied.

19. No response required by answering third-party defendant. To the extent that a response is required, it is admitted that a declaration is sought. The remainder of this paragraph of the counterclaim is denied.

20. No response required by answering third-party defendant. To the extent that a response is required, it is admitted that a declaration is sought. The remainder of this paragraph of the counterclaim is denied.

## **THIRD-PARTY COMPLAINT**

1. The answering third-party defendant has insufficient knowledge to admit or deny the truth of the averments contained in this paragraph of the third-party complaint.

2. The answering third-party defendant has insufficient knowledge to admit or deny the truth of the averments contained in this paragraph of the third-party complaint.

3. The answering third-party defendant has insufficient knowledge to admit or deny the truth of the averments contained in this paragraph of the third-party complaint.

4. Admitted.

5. Denied.

## **THIRD-PARTY COMPLAINT COUNT I - BREACH OF CONTRACT**

6. Denied as stated.

7. Denied.

8. Denied.

9. Admitted that a declaration is sought. The remainder of the paragraph of the third-party complaint is denied.

### THIRD-PARTY COMPLAINT COUNT II - NEGLIGENCE

10. The third-party defendant realleges its responses to the counterclaim and incorporates them and its responses to paragraphs 1 through 9 of the third-party complaint herein.

11. Denied as stated.

12. Denied.

13. Admitted that a declaration is sought. The remainder of the paragraph of the third-party complaint is denied.

### THIRD-PARTY COMPLAINT COUNT III - EQUITABLE FRAUD/NEGLIGENT MISREPRESENTATION

14. The third-party defendant realleges its responses to the counterclaim and incorporates them and its responses to paragraphs 1 through 13 of the third-party complaint herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

### THIRD-PARTY COMPLAINT COUNT IV - STATE DECEPTIVE TRADE PRACTICES

21. The third-party defendant realleges its responses to the counterclaim and incorporates them and its responses to paragraphs 1 through 20 of the third-party complaint herein.

22. Denied.

23. Denied.

24. Denied.

## AFFIRMATIVE DEFENSES

25. Count IV fails to state a cause of action.

CASARINO, CHRISTMAN & SHALK, P.A.

 /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
I.D. No. 174
800 North King Street - Suite 200
P.O. Box 1276
Wilmington, DE  19899-1276
(302) 594-4500
Attorney for Third-Party Defendant Pfister Ins., Inc.

## **CERTIFICATE OF SERVICE**

I, Stephen P. Casarino, Esq., hereby certify that I have served via electronic filing on this 23rd day of April 2008, a true and correct copy of the attached Answer to the Complaint of Defendant Pfister Insurance, Inc. addressed to:

James Yoder, Esq.
White & Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Jeffrey J. Clark, Esq.
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE 19903

Benjamin A. Schwartz, Esq.
Schwartz & Schwartz
1140 S. State Street
P.O. Box 541
Dover, DE 19903

Nicholas A. Rodriguez, Esq.
Schmittinger & Rodriguez
414 S. State Street
P.O. Box 497
Dover, DE 19903

CASARINO, CHRISTMAN & SHALK, P.A.

 /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
I.D. No. 174
800 North King Street - Suite 200
P.O. Box 1276
Wilmington, DE  19899-1276
(302) 594-4500
Attorney for the Third-Party Defendant Pfister Ins.